**Affirmed and Memorandum Opinion filed August 4, 2022.**



In The

# 𝔉ourteenth Court of Appeals

NO. 14-21-00486-CR
NO. 14-21-00487-CR
NO. 14-21-00488-CR

**CLARENCE WILLIAMS JUNIOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 21st District Court
Washington County, Texas
Trial Court Cause Nos. 19107, 19117, 19118**

## MEMORANDUM OPINION

Appellant appeals the trial court's assessment of punishment of 50 years' incarceration to run concurrently for each of the following offenses: (1) assault against a family member with a previous conviction enhanced to habitual (No. 14-21-00486-CR); (2) burglary of a habitation with intent to commit other felony

enhanced to habitual (No. 14-21-00487-CR); (3) burglary of a habitation with intent to commit other felony enhanced to habitual (No. 14-21-00488-CR); (4) aggravated assault with a deadly weapon enhanced to habitual (No. 14-21-00488-CR); (5) assault against a family member with a previous conviction enhanced to habitual (No. 14-21-00488-CR); (6) assault against a family member impeding breath with a previous conviction enhanced to habitual (No. 14-21-00486-CR); and (7) the trial court's assessment of 10 years' confinement to run concurrently for the offense of evading arrest with a previous conviction enhanced to a second-degree felony (No. 14-21-00487-CR). *See* Tex. Penal Code §§ 22.01(b)(2)(A); 30.02(d); 22.02(a)(2); 22.01(b)(2)(B); and 38.04(b)(1). Appellant pleaded guilty to all counts and entered a plea of true to all enhancement paragraphs. The trial court certified appellant's right to appeal as to punishment only.

Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirement of *Anders v. California*, 386 U.S. 738 (1967), presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). At appellant's request, the record was provided to him. On May 26, 2022, appellant filed a pro se response to counsel's brief.

We have carefully reviewed the record, counsel's brief, and appellant's response, and agree the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. A discussion of the brief would add nothing to the jurisprudence of the state. We are not to address the merits of each claim

2

raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Accordingly, the judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Justices Bourliot, Hassan, and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).